IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEGACY MEDICAL CONSULTANTS, LP, SUCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC, | § § § § | |
| v. | § § | Civil Action No. 4:25-cv-00940-P |
| AMIR LEBASCHI D/B/A ORANGE COUNTY FOOT & ANKLE INSTITUTE. | § § § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Amir Lebaschi d/b/a Orange County Foot & Ankle Institute files this Answer to *Plaintiff's Amended Complaint* (ECF No. 10) ("Complaint") filed by Plaintiff Legacy Medical Consultants, LP ("Legacy"):

**I.
ADMISSIONS AND DENIALS**

**INTRODUCTION**

1. Paragraph 1 is a narrative of Legacy's claims and, as such, does not contain any factual allegations requiring an admission or a denial. Insofar as this paragraph is deemed to contain factual allegations, Defendant denies them, except that he admits that the parties entered into an agreement for the sale of certain human tissue products and that he has declined to pay certain invoices that Legacy alleges are owed and outstanding.

**PARTIES**

2. Defendant admits the allegations in Paragraph 2.

3. Defendant admits the allegations in Paragraph 3.

## JURISDICTION AND VENUE

4. Paragraph 4 consists of legal conclusions and does not contain any factual allegations requiring an admission or a denial.

5. Defendant admits the allegations in Paragraph 5.

6. Defendant admits the allegations in Paragraph 6.

7. Defendant admits the allegations in Paragraph 9.

8. Defendant admits the allegations in Paragraph 10.

9. Defendant denies the allegations in Paragraph 9.

10. Defendant admits that the contract was performable and performed in part in Texas and that he engaged in transactions with Legacy under the contract, returned products, and agreed to Texas law governing the contract. Defendant otherwise denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant denies the allegations in Paragraph 13.

14. Defendant denies that any court in Texas has personal jurisdiction to hear Plaintiff's claims against him, but admits that venue is proper.

15. Defendant denies that any court in Texas has personal jurisdiction to hear Plaintiff's claims against him, but admits that venue is proper.

## FACTUAL ALLEGATIONS

**I.   Plaintiff Legacy Medical Consultants**

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, insofar as they describe what other healthcare providers do before purchasing products from Legacy. Defendant admits that he filled out a customer onboarding document.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, insofar as they describe what other healthcare providers do before purchasing products from Legacy. Defendant admits that he executed a fulfillment/rebate agreement with Legacy, but otherwise denies the allegations against him in this paragraph.

## II. The Agreement with Dr. Lebaschi

19. Defendant admits the allegations in Paragraph 19.

20. Defendant admits the allegations in Paragraph 20.

21. Defendant admits the allegations in Paragraph 21, except that he lacks knowledge or information sufficient to form a belief about the truth of the allegation that Legacy would use second-day delivery.

22. Defendant admits the allegations in Paragraph 22.

23. Defendant admits the allegations in Paragraph 23, except that Defendant denies that he owes any amounts to Legacy.

24. Defendant denies the allegations in Paragraph 24.

## III. Dr. Lebaschi Fails to Pay Legacy at Least $236,520.00 that is Owed

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits the allegations in the first sentence of Paragraph 28, except insofar as they imply that the alleged payments were in fact due and owing. Defendant denies the allegations in the second sentence of Paragraph 28.

29. Defendant denies the allegations in Paragraph 29, except that he admits he did not remit the requested payments.

30. Defendant denies the allegations in the first sentence of Paragraph 30. Defendant admits using products in the course of providing medical treatment to a patient, but denies that he was ultimately paid for those services.

31. Defendant denies the allegations in Paragraph 31.

### COUNT I: BREACH OF CONTRACT

32. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

33. Defendant admits the allegations in Paragraph 33.

34. Paragraph 34 consists of a legal conclusion and does not contain factual allegations requiring an admission or a denial.

35. Defendant admits the allegation in Paragraph 35.

36. Defendant admits that Legacy generated and sent order statements to Defendant, shipped human tissue products to Defendant, and generated and sent invoices to Defendant. Defendant otherwise denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

## COUNT II: IN THE ALTERNATIVE, QUANTUM MERUIT

39. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

40. Defendant denies the allegations in Paragraph 40.

41. Defendant denies the allegations in Paragraph 41.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant admits that he used the products to treat a patient, but denies that he ultimately was paid for such services.

45. Defendant admits the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46, except that he admits he has not paid amounts that Legacy claims to be owed.

47. Defendant denies the allegations in Paragraph 47.

## COUNT III: IN THE ALTERNATIVE, PROMISSORY ESTOPPEL

48. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50.

51. Defendant denies the allegations in Paragraph 51.

52. Defendant denies the allegations in Paragraph 52.

## COUNT IV: IN THE ALTERNATIVE, UNJUST ENRICHMENT

53. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

54. Defendant admits that Legacy delivered human tissue products to him and issued invoices for them, but otherwise denies the allegations in Paragraph 55.

55. Defendants denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

## SUIT ON SWORN ACCOUNT

58. Defendant reasserts and incorporates by reference its responses to the allegations in the foregoing paragraphs.

59. Defendant denies the allegations in Paragraph 59, except that he admits Legacy shipped him products.

60. Defendant denies the allegations in Paragraph 60.

61. The first sentence of Paragraph 61 does not contain any factual allegations requiring an admission or a denial, except insofar as it is alleged that the exhibit reflects amounts owed by Defendant, in which case Defendant denies those allegations.

62. Defendant denies the allegations in the first sentence of Paragraph 62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of Paragraph 62.

63. Defendant denies the allegations in Paragraph 63.

64. Defendant denies the allegations in Paragraph 64.

65. Defendant denies the allegations in Paragraph 65.

### REQUEST FOR JURY TRIAL

66. Paragraph 66 contains a jury demand and does not contain any factual allegations requiring an admission or a denial.

### CONCLUSION AND PRAYER FOR RELIEF

The final paragraph is a prayer for relief and does not contain any factual allegations requiring an admission or a denial. Defendant denies that Plaintiff is entitled to the relief sought in this paragraph.

To the extent the headers in this Complaint constitute allegations, Defendant denies them.

### II.
### AFFIRMATIVE DEFENSES

1. The parties agreed that Defendant's obligation to pay for products was contingent upon Defendant's receipt of approval for reimbursement from the insurance or government payor. Defendant did not receive such approval with respect to the products for which Legacy seeks payment in this case.

2. The written contract is ambiguous as to one or more key terms.

3. Plaintiff has failed to state a claim for which relief may be granted.

4. Plaintiff fraudulently induced Defendant into entering into the agreement. In or around May or June 2023, sales representatives who had travelled to his office in California promised Defendant that Plaintiff would not seek payment for products purchased by Plaintiff if Medicare did not cover the corresponding claim for payment and that Defendant need not worry about paying for the products out of pocket. Plaintiff also mispresented the quality, status, and acceptability of its products with respect to FDA approval and suitability for the services Plaintiff knew Defendant was providing.

5. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

6. Plaintiff's claims are barred in whole or in party by the doctrines of equitable estoppel, quasi-estoppel, and waiver.

7. Plaintiff has failed to mitigate its alleged damages.

8. Defendant is entitled to an offset to reflect credits for products that Defendant returned to Plaintiff.

Respectfully submitted,

/s/ Jordan M. Parker
Jordan M. Parker
State Bar No. 15491400
jparker@canteyhanger.com
Derek Carson
State Bar No. 24085240
dcarson@canteyhanger.com
Michael Ackerman
State Bar No. 24120454
mackerman@canteyhanger.com

CANTEY HANGER LLP
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
(817) 877-2800  Telephone
(817) 877-2807  Facsimile

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on December 17, 2025, a true and correct copy of the foregoing was served on counsel for all parties via CM/ECF filing.

/s/ Jordan M. Parker
Jordan M. Parker