**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEGACY MEDICAL CONSULTANTS L.P., SUCCESSOR IN INTEREST TO LEGACY MEDICAL CONSULTANTS, LLC.,** | § § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO. 4:25-CV-00940-P** |
| **AMIR LEBASCHI d/b/a ORANGE COUNTY FOOT & ANKLE INSTITUTE,** | § § § § § | |
| **Defendant.** | § § | |

**DEFENDANT LEBASCHI'S OPPOSED MOTION FOR LEAVE TO FILE
AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

COMES NOW, Amir Lebaschi d/b/a Orange County Foot & Ankle Institute ("Dr. Lebaschi"), Defendant herein, and file this its Opposed Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims, and respectfully shows the Court as follows:

**A. INTRODUCTION**

1.     This motion arises from a fundamental breakdown in the attorney-client relationship between Dr. Lebaschi and his former counsel, which resulted in the omission of critical counterclaims central to the defense of this case. New counsel entered an appearance on April 3, 2026, and promptly undertook a comprehensive evaluation of the pleadings and litigation posture. That review revealed that counterclaims essential to rebutting Plaintiff's theory of liability—particularly those arising from Plaintiff's representations regarding Medicare reimbursement—were not asserted, and leave is now required because the amendment deadline

expired on November 21, 2025.  The proposed Amended Answer, Affirmative Defenses, and Counterclaims is attached hereto as **Exhibit 1**.

### B. PROCEDURAL BACKGROUND

2.      The Court's Scheduling Order established November 21, 2025, as the deadline for amending pleadings. Prior to that deadline, Dr. Lebaschi was represented by separate counsel who controlled the formulation of defensive pleadings and litigation strategy. During that period, no counterclaims were asserted despite their central importance to the factual and legal framework of the dispute. Following a fundamental disagreement regarding the direction and adequacy of representation, Dr. Lebaschi terminated prior counsel and retained undersigned counsel, who entered an appearance on April 3, 2026.

### C. ARGUMENT

**1.      Good Cause Exists Under Rule 16(b)**

3.      Because the amendment deadline has passed, Rule 16(b) governs and requires a showing of good cause. Good cause exists where deadlines could not reasonably have been met despite diligence, particularly where prior counsel's conduct prevented timely assertion of claims that go to the core of the case. *See, e.g., S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003).  Here, the failure to assert counterclaims was not strategic but instead the product of a fundamental disagreement and breakdown in representation that necessitated substitution of counsel. Upon entering the case, new counsel acted diligently to identify deficiencies and promptly brings this motion, attaching the proposed amended pleading as **Exhibit 1**.

4.      The importance of the proposed amendment is decisive. Plaintiff promoted its skin graft product to Dr. Lebaschi with asserted expertise that the product would be reimbursable

under Medicare and related payor systems, and those representations were intended to induce its use in treating Medicare beneficiaries. Dr. Lebaschi reasonably relied on those representations in selecting and using the product in patient care, integrating it into treatment decisions based on the expectation of reimbursement. When claims were denied and payments were recouped, the core benefit that induced the transaction failed, giving rise to counterclaims (as set forth in **Exhibit 1**) for failure of consideration and fraud that directly rebut Plaintiff's theory of recovery.

5.      These counterclaims go to the heart of the dispute and fundamentally alter the posture of the case. Plaintiff's claims presume an enforceable obligation to pay for the product, while Defendant's counterclaims establish that the inducement for use of the product—its represented reimbursability—was materially false or failed in execution. In this way, the counterclaims operate both as affirmative claims and as a direct negation of Plaintiff's entitlement to recover. Without these claims, the case proceeds on an incomplete and distorted factual foundation.

6.      There is no undue prejudice to Plaintiff. Discovery remains ongoing, and the facts underlying these counterclaims arise from the same transactions, communications, and reimbursement events already placed at issue by Plaintiff's claims. The amendment does not inject a new controversy but instead clarifies the true nature of the existing dispute. Any potential prejudice can be cured through modest scheduling adjustments, consistent with Rule 16.

**2.      Leave Is Warranted Under Rule 15(a)(2)**

7.      The amendment independently satisfies Rule 15(a)(2), which provides that leave should be freely given when justice so requires.  *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962).  There is no evidence of bad faith, dilatory motive, or repeated failure to cure deficiencies. Instead, the amendment reflects a necessary correction following the transition to

new counsel and a more complete understanding of the case. Courts favor resolving disputes on their merits rather than through procedural omissions.

8. The proposed counterclaims are substantively viable and far from futile. A failure of consideration arises where the promised performance that induced the agreement fails or is materially different from what was represented, which is precisely the circumstance alleged here. Likewise, Plaintiff's representations regarding Medicare reimbursement—made to induce use of the product—support a claim for fraud where they were false, misleading, or made without a reasonable basis and were relied upon to Defendant's detriment. These claims, as detailed in **Exhibit 1**, directly undermine Plaintiff's right to recover and therefore must be adjudicated within this action.

9. Allowing amendment promotes judicial economy and avoids fragmented litigation. The same operative facts—product promotion, reimbursement representations, claim denials, and recoupments—will be litigated regardless of whether the counterclaims are formally pleaded. Granting leave ensures that all issues are resolved in a single proceeding, consistent with the purpose of the Federal Rules. Denying leave would elevate form over substance and risk an incomplete adjudication.

## D. CONCLUSION

10. Dr. Lebaschi seeks only the opportunity to present the full merits of his defense and related claims. The failure to assert counterclaims earlier resulted from a breakdown in prior representation, not delay or gamesmanship. The proposed amendment, attached as **Exhibit 1**, is central to the dispute, directly rebuts Plaintiff's theory, and causes no undue prejudice. Accordingly, Defendant respectfully requests that the Court grant leave to file his Amended Answer and Counterclaims.

## PRAYER

11.    Defendant Dr. Lebaschi respectfully requests that the Court grant this Motion for Leave, permit the filing of his Amended Answer, Affirmative Defenses, and Counterclaims attached as **Exhibit 1**, and grant all further relief to which he is justly entitled.

Respectfully submitted,

KENNEDY
Attorneys & Counselors at Law

/s/ Mark S. Kennedy

_____

MARK S. KENNEDY
State Bar of Texas No. 24000122
LURESE TERRELL
State Bar of Texas No. 24008139
C. TREY SCOTT
State Bar of Texas No. 24083821
12222 Merit Drive, Suite 1750
Dallas, TX 75251
Telephone: (214) 445-0740
Fax: (972) 661-9320
markskennedylaw@msn.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(a), undersigned counsel for Defendant conferred with counsel for Plaintiff regarding the relief requested in this motion. On **May 1, 2026**, counsel for Defendant contacted counsel for Plaintiff via email at 3:34 PM, CDT, and explained the substance of this Motion for Leave to File Amended Answer, Affirmative Defenses, and Counterclaims. Thereafter Plaintiff's counsel requested a copy of the pleading at 3:47 PM, and it was immediately provided to them.  Plaintiff's counsel failed to inform Defendant as to their position by 5:00 PM.  Defendant's counsel presumes that Plaintiff **opposes** the relief requested herein inasmuch Plaintiff's counsel did not reply back. Accordingly, this motion is presented to the Court as opposed.

/s/ Mark S. Kennedy

_____

MARK S. KENNEDY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **May 1, 2026**, a true and correct copy of the foregoing document was served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the Northern District of Texas via the Court's CM/ECF system. All counsel of record are registered CM/ECF users and will be served by the CM/ECF system.

/s/ Mark S. Kennedy

_____

MARK S. KENNEDY